## CHARLES SEAVER *vs.* NATHAN P. COBURN.

A lease to "A. Treasurer of the Eagle Lodge, &c.," and signed "A. Treas." is binding upon A. personally.

It is no answer to a breach of a covenant not to underlet, that the lessor had waived another and distinct breach of such covenant in the same lease

ACTION for breach of a covenant not to underlet or permit any other person to occupy certain premises, mentioned in a lease between the parties dated May 8, 1846. In the body of the lease, the defendant was described as " Treasurer of the Eagle Lodge, No. 114, I. O. O. F.," and the lease was signed " N. P. Coburn, Treas." The case was tried in the court of common pleas, and came up on the defendant's bill of exceptions, but which accidentally were not signed by the presiding judge, and the points taken were presented to this court by an agreed statement of facts, as follows :

Soon after the execution of said lease, the Eagle Lodge of Odd Fellows, No. 114, took the occupation and possession of said premises, which were fitted up for a hall for public purposes, and they occupied it for their meetings to the date of the writ; during all which time, they paid the plaintiff rent for the same, according to the terms of the lease, and received from him receipts, admitting the receipt of such rent from the Eagle Lodge. The plaintiff never received any rent from the defendant, and it was admitted that he assented to the occupation by said lodge.

In March, 1848, a voluntary organization was formed in Hopkinton, called " The Sons of Temperance," composed of members of the Odd Fellows Lodge and other persons, and this association was permitted by the Odd Fellows Lodge to hold their meetings in the same hall once a week. The Sons of Temperance paid the treasurer of the Odd Fellows Lodge for the use of the hall, and for fuel and lights.

In 1849, another voluntary association was formed, called " The Cadets of Temperance," composed in part of the members of the Odd Fellows Lodge, and young men of Hopkinton. This association, for about thirteen months, held meetings

once a week in the hall, by the consent of the Odd Fellows but the control of the hall was still kept by the Odd Fellows. It did not appear that the Cadets of Temperance paid any thing for the use of the hall; but it did appear that the Odd Fellows, by their agent, kept the key of the hall at all these times, furnished it, built the fires, and lighted it, and closed it when the meetings of the associations were dissolved; but the Odd Fellows could not gain admission to the hall while the Cadets were in session.

If, upon the foregoing facts, the plaintiff is entitled to recover, judgment is to be entered for the plaintiff for the sum of forty-eight dollars and fifty cents, otherwise the plaintiff is to become nonsuit.

*C. R. Train*, for the plaintiff.

*W. Brigham*, for the defendant.

1. The contract upon which this suit is brought, is a contract between the plaintiff and the Eagle Lodge, and not between the plaintiff and the defendant, and therefore the action cannot be maintained. Taylor's Land. & Ten. § 137; Co. Lit. 231; *Skinner* v. *Dayton*, 19 Johns. 513; *Cady* v. *Shepherd*, 11 Pick. 400; *Gram* v. *Seton*, 1 Hall, 262; *Dubois* v. *Delaware and Hudson Canal Co.* 4 Wend. 285; *Randall* v. *Van Vechten*, 19 Johns. 61, 64; *Mann* v. *Chandler*, 9 Mass. 335; *Lanyon* v. *Carne*, 2 Saund. 164; *Abbey* v. *Chase*, 6 Cush. 54.

2. If not a contract between the plaintiff and the Eagle Lodge, but between the plaintiff and the defendant, then the plaintiff, having recognized the Eagle Lodge as his tenants, by receiving rent from them, with a knowledge of their possession, consented thereby to their occupancy, and thereby waived the restriction in the lease. Platt on Covenants, 428, and cases; *Goodright* v. *Davids*, Cowp. 803; *Fox* v. *Swann*, Style, 483; *Roe* v. *Harrison*, 2 T. R. 425; *Arnsby* v. *Woodward*, 6 Barn. & Cres. 519; *Coon* v. *Brickett*, 2 N. Hamp. 163; *Hunter* v. *Osterhoudt*, 11 Barb. 33; *Doe* v. *Allen*, 3 Taunt. 79; *O'Keefe* v. *Kennedy*, 3 Cush. 325.

3. Having once waived the restriction, the restriction is gone forever. Co. Lit. 211; *Dumpor's Case*, 4 Co. 119; *Chalker* v. *Chalker*, 1 Conn. 79, 91: 2 Platt on Leases 471,

and cases; *Doe* v. *Evans*, 5 Barn. & Cres. 584; *Dowell* v. *Dew*, 1 You. & Col. Ch. R. 345, 366; *Brummell* v. *Macpherson*, 14 Ves. 173.

4. The occupancy, as stated in the report, is not such occupancy as the lease restrains. It must be an exclusive occupancy, giving the party so occupying the exclusive control of the premises, or part of the premises. Adams on Ejectment, 158, 161 (2d. ed.); *Church* v. *Brown*, 15 Ves. 265; *Kinnersley* v. *Orpe*, 1 Doug. 57; *Doe* v. *Laming*, 4 Campb. 77; *Roe* v. *Sales*, 1 M. & S. 297; *Collins* v. *Sillye*, Style, 265; *Wilson* v. *Martin*, 1 Denio, 602.

5. But if the occupancy complained of, amounted to a breach of the covenant in question, then the breach was not made by the defendant, but by the Eagle Lodge, which the plaintiff had accepted for tenants.

BY THE COURT. 1. The contract upon which this suit is brought, is a contract between the plaintiff and Coburn, in which Coburn is personally bound. 2. The use of the leased premises by the Eagle Lodge furnishes no bar to the plaintiff's right of recovery, for two reasons; first, because it may reasonably be inferred, by the manner in which the lease is made, that it contemplated such use, the defendant being described in the contract as the treasurer of the Eagle Lodge; but secondly, if it be otherwise, the use by the Eagle Lodge has been subsequently sanctioned by the plaintiff, by receiving from them the quarter payments for rent, and if, as to such use, there was a full waiver of the breach of covenant " not to permit any other person to occupy," that would be no bar or defence to an action for another and distinct breach, that had not been waived.

*Judgment for the plaintiff.*